UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEO W. DESMOND, individually,

    Plaintiff,

v.

WELTMAN, WEINBERG & REIS CO., L.P.A.,
a foreign profit corporation,

    Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 *et seq.*, THE FAIR DEBT COLLECTION PRACTICES ACT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, in its telephonic efforts to collect a consumer debt from Plaintiff, Defendant failed to disclose the purpose of its call to Plaintiff as well as its identity as a debt collector, both of which are federally mandated requirements of debt collectors pursuant to the FDCPA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, LEO W. DESMOND, is a natural person, and a citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant WELTMAN, WEINBERG & REIS CO., L.P.A. ("Defendant"), is a foreign profit corporation primarily operating from offices located at 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113

5. Defendant engages in interstate commerce by regularly using the telephone and mail in a business whose principal purpose is the collection of consumer debts.

6. Defendant operates an internet website which has a section titled "Consumer Collections" where Defendant makes the following statements:

> *For over 80 years, WWR has built it's (sic) reputation and extensive client base on a focused commitment to collections excellence. Whether the Firm is following FDCPA guidelines, maintaining security requirements, or reaching and exceeding client call center expectations, our teams are committed to working hard in recovering your debtor matters. Our strength lies in a tenacity to stay with each file and manage all the aspects of the collection process on your behalf.*

Source: http://www.weltman.com/practices/consumer-collections/

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect an allegedly defaulted upon "*Discover*" credit card debt of less than $2,000.00 dollars; said credit card having been used by Plaintiff in the past to primarily purchase consumer goods, such as: food, clothing, and travel-related expenses.

10. On or about January 27, 2011, in an effort to collect the aforementioned debt from Plaintiff, Defendant called Plaintiff at his home and left a voicemail message on Plaintiff's telephone answering system.

11.     Upon information and belief, Defendant left a similar message on Plaintiff's telephone voicemail system on multiple other occasions in the past year.

12.     Plaintiff was able to save the January 27, 2011 voicemail message left by Defendant; a transcript of Defendant's voicemail message to Plaintiff is as follows:

> *"This is a message for Leo Desmond, Leo this is Meghan calling with Weltman Weinberg and Reis, if you could please return my phone call, my number is 614-801-2628."*

13.     The telephone message is a "communication" as defined by 15 U.S.C. § 1692a(2).  See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     The voicemail message failed to properly disclose that Defendant is a debt collector in violation of 15 U.S.C § 1692e(11).  *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

15.     Defendant failed to disclose the purpose of the communication to Plaintiff, which was to collect a debt from Plaintiff.  See generally, *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

16.  The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose.  See generally, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

17.  Federal Courts have held that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constituted a valid claim under the FDCPA.  *Anchondo v. Anderson, Crenshaw & Associates, LLC*, 583 F.Supp.2d 1278 (D. New Mexico 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

18.  Plaintiff incorporates Paragraphs 1 through 17.

19.  Defendant's voicemail message failed to disclose to Plaintiff that it was a debt collector in violation of 15 U.S.C § 1692e(11).  See *Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322 (S.D. Fla. October 30, 2009) (holding that debt collectors leaving voicemail messages requesting a return phone call on a consumer debt are subject to the requirements of 15 U.S.C § 1692e(11))

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

5

a. Damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE

20. Plaintiff incorporates Paragraphs 1 through 17.

21. Defendant placed a telephone call to Plaintiff without making a meaningful disclosure of the true purpose behind Defendant's communications in violation of 15 U.S.C § 1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D. Fla. September 23, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 28th day of July, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff Leo W. Desmond*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone:  954-306-8104
Facsimile:  954-337-0666
scott@scottdowens.com


By:/s/ *Scott D. Owens*
  Scott D. Owens, Esq.
  Florida Bar No. 0597651